IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-8-2-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CORRECTED O R D E R |
| | ) | |
| ROLAND JONES | ) | |

This cause comes before the Court on the government's appeal of an order entered by a United States Magistrate Judge releasing defendant on conditions pending trial. A hearing was held before the undersigned on February 26, 2019, at Raleigh, North Carolina. For the reasons that follow, defendant is ordered detained pending trial.

## BACKGROUND

Defendant Jones and one other, Hernandez, were charged by way of indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a detectable amount of methamphetamine; distribution of a quantity of a detectable amount of methamphetamine, and aiding and abetting; and possession with intent to distribute fifty grams or more of a detectable amount of methamphetamine, and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846 and 18 U.S.C. § 2.

After the government made a motion to detain Jones pending trial, a detention hearing was held in front of United States Magistrate Judge Robert B. Jones, Jr. on February 13, 2016. Judge Jones denied the government's motion for detention and ordered Jones released to the custody of a third-party custodian on conditions. The government noticed its appeal, and Jones' release was stayed pending the outcome of this Court's review.

## DISCUSSION

The Court reviews *de novo* an order entered by a magistrate judge detaining or releasing a defendant pretrial. 18 U.S.C. § 3145; *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant at trial and the safety of any other person and the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g).[1] There is no dispute that 18 U.S.C. § 3142(e) provides a presumption that there is no condition or combination of conditions that will reasonably assure the appearance of defendant and the safety of the community in this case. Section 3142(e)'s rebuttable presumption shifts the burden of production but not persuasion to the defendant; in order to rebut the presumption the defendant must produce some evidence, but "the mere production of evidence does not completely rebut the presumption." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

Jones has failed to sufficiently rebut the presumption in this case. Although he offered his brother as a third-party custodian as well as testimony regarding an eye condition from which he suffers, the evidence presented at the hearing supports that the government has adequately demonstrated that Jones is both a risk of flight and a danger to the community. *See also United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (unpublished) (a showing of either risk of flight or danger to the community is sufficient).

The evidence against Jones is strong, and Jones is accused of transporting kilogram quantities of methamphetamine being distributed by a Mexican drug trafficking organization. If convicted of count one, Jones faces a minimum of ten years in prison. Additionally, members of

---

[1] These factors include the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

2

the drug trafficking organization who are familiar with Jones are currently fugitives with outstanding warrants, and Jones' presence in the community poses a risk both to himself and others. Indeed, violence associated with large-scale drug trafficking organizations may be perpetrated even where an individual is confined to his home.

Having considered the evidence presented, the Court finds that the government has sufficiently demonstrated that there are no conditions or combination of conditions which will ensure defendant's appearance in court and that detention pending trial is therefore appropriate. 18 U.S.C. § 3142(e)(1). Jones is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this _/_ day of March, 2019.

_[signature]_
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3